IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Plaintiff-Appellee, | * |
| v. | * Crim. Action No. 8:22-CR-00134-PX |
| JAMAR JOHNSON, | * |
| Defendant-Appellant. | * |

***

## MEMORANDUM OPINION

In this criminal case, Defendant Jamar Johnson appeals his six-month prison term imposed for two misdemeanor offenses on the ground that he was denied the right to allocute prior to the imposition of sentence. ECF. No. 15 at 1. The matter is fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, the sentence must be vacated and the case remanded for resentencing.

**I.      Background**

On March 27, 2021, Johnson was involved in a car accident on the Suitland Parkway. Johnson was taken to the hospital where blood tests confirmed the presence of PCP and marijuana in his system. Case No. 8:21-po-01101, ECF No. 24 at 3. On December 21, 2021, Johnson pleaded guilty to driving under the influence of alcohol or controlled substances, in violation of 36 C.F.R. § 4.23(a)(1) (the "DUI offense"), and driving on a suspended license, in violation of 36 C.F.R. § 4.2. ECF No. 1-1 at 1. The court deferred sentencing so that the United States Probation Office could prepare a presentence report ("PSR"). Case No. 8:21-po-01101, ECF No. 24.

Sentencing took place on March 23, 2022. ECF No. 15-3 at 1. Before the proceedings

were underway, the United States Magistrate Judge[1] (the "magistrate judge") took a brief recess to review the PSR, the emergency room report from the night of the accident, and a letter reflecting Johnson's participation in substance abuse treatment. *Id.* at 5–6. The magistrate judge next heard from the government, who requested that he sentence Johnson to 60 days' incarceration on the DUI offense and 18 months' probation on the suspended license charge. *Id.* at 10. As grounds, the government cited Johnson's prior suspended license offenses and the seriousness of the accident to which his intoxication contributed. *Id.* at 7–8.

The magistrate judge then turned to Johnson's counsel who highlighted that Johnson was voluntarily participating in outpatient drug treatment, that he is the primary breadwinner for his family, and that his prior driving offenses were relatively minor. *Id.* at 12–14. Counsel also urged the magistrate judge to adhere to the PSR's recommended sentence of probation for both the DUI and the suspended license offenses. *See id.* at 12; *see also* Case No. 8:21-po-01101, ECF No. 24 at 15. Counsel also put direct questions to Johnson about his job, his current treatment program, and his family financial obligations to which Johnson responded but did not elaborate. ECF No. 15-3 at 14.

When counsel had concluded her remarks, the magistrate judge announced that he was sentencing Johnson to the statutory maximum of six months' imprisonment on each offense, to run concurrently. *Id.* at 16–17. As grounds, the magistrate judge noted that the offense "ranks as one of the most troubling cases I have ever heard." *Id.* at 14. The magistrate judge further advised Johnson of his right to appeal and that he must report to the United States Marshal to begin his sentence on April 20, 2022.

At this point, defense counsel stated that Johnson wanted to address the court, adding, "I

---

[1] The original presiding judge, United States Magistrate Judge Thomas DiGirolamo, retired prior to Johnson's sentencing, and this matter was transferred to United States Magistrate Judge C. Bruce Anderson.

don't think you really asked." *Id.* at 18. The magistrate judge responded, "[g]o ahead," although the record is not clear on whether he was addressing counsel or Johnson. *Id.* Johnson briefly stated that "this drug program really woke me up. I haven't been using PCP, no nothing. I mean, my mind is focused. You know what I am saying? And I just – if anything, can you just give me like house arrest or anything? I mean, I support my whole family . . . [n]obody here to help me." *Id.* The magistrate judge interrupted Johnson to explain that he had already reached his decision, taking into consideration "not only your status financially, but your environment and where you live and who you live with*.*" *Id.* at 18–19.

Johnson timely noted his appeal in which he raises one argument: that the magistrate judge erred in denying him his right of allocution under Federal Rule of Criminal Procedure 32(i) prior to imposing sentence. He asks this Court to vacate his sentence and remand for resentencing. For the following reasons, this Court agrees with Johnson.

## II.   Standard of Review

The government contends that because Johnson failed to object at sentencing to his denial of allocution, the appeal is subject to plain error review. *See* ECF No. 26 at 7. To establish plain error, the appellant must show: "(1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Gillespie*, 27 F.4th 934, 940 (4th Cir. 2022) (quoting *United States v. Ramirez-Castillo*, 748 F.3d 205, 212 (4th Cir. 2014)); *United States v. Lewis*, 10 F.3d 1086, 1092 (4th Cir. 1993).

Johnson, for his part, maintains that he preserved the issue when defense counsel noted for the magistrate judge that "Mr. Johnson asks to say something." ECF. No. 15-3 at 18. Thus, says Johnson, this Court should use the more forgiving *de novo* review applicable to errors of

law. *See United States v. Lanning*, 633 F.3d 469, 476 (6th Cir. 2011) ("If a defendant objects at sentencing to some limitation on his or her right of allocution, that claim is reviewed de novo."); *see also United States v. Abney*, 957 F.3d 241, 247 (D.C. Cir. 2020) (defendant who requested to "say something" preserved his objection).

The Court need not resolve this dispute because Johnson has demonstrated that the magistrate judge committed plain error.

### III.     Analysis

A defendant's right to allocute enjoys a rich common law tradition in American jurisprudence. Dating back to 1689, a court's failure to inquire directly of the defendant "if he had anything to say before sentence was imposed required reversal." *Green v. United States*, 365 U.S. 301, 304 (1961); Anonymous, 3 Mod. 265, 266, 87 Eng. Rep. 175 (K.B.). Federal Rule of Criminal Procedure 32(i) codifies this important principle. The Rule provides that, "before imposing sentence, the court *must* . . . address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(A)(ii) (emphasis added). Relevant here, compliance with the rule requires that the sentencing court do more than "merely afford[] defendant's counsel the opportunity to speak;" this is because even "[t]he most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself." *Green,* 365 U.S. at 304. The rule instead commands that the court must address the defendant personally to afford him the chance to speak or present evidence in mitigation. Fed. R. Crim. P. 32(i)(4)(A)(ii).

Regrettably, the magistrate judge had not afforded Johnson that opportunity before imposing sentence. The magistrate judge pronounced the entirety of the sentence, including the advisement on Johnson's right to appeal, without ever inviting Johnson to allocute. And at the

conclusion of the proceedings, when defense counsel called to the magistrate judge's attention that Johnson wished to be heard, the judge simply stated, "[g]o ahead," and then cut Johnson's statement short. This failure to address Johnson personally, and in advance of announcing the sentence, constitutes plain error. *See United States v. Lewis*, 10 F.3d 1086, 1092 (4th Cir. 1993). *See also United States v. Cole*, 27 F.3d 996, 998 (4th Cir. 1994).

The government, in response, emphasizes that compliance with Rule 32(i) does not require the judge to "explicitly track" the language of the rule. ECF No. 26 at 7. Surely, the law does not require as much. *See United States v. Engle*, 676 F.3d 405, 424 (4th Cir. 2012) (sufficient to inform defendant of his right to "present a sworn or an unsworn statement before sentence is imposed"); *see also United States v. Stuver*, 845 F.2d 73, 74 (4th Cir. 1988) (sentencing court question to defendant of "[a]nything else that you want to add . . . that you feel would be helpful to me, before I pass sentence on you?" was sufficient). But the sentencing judge, whatever words used, must minimally convey to the defendant the right to be heard before imposition of sentence. This the magistrate judge did not do.

The government also argues that the magistrate judge's initial pronouncement of sentence was "tentative," and really had not become final until after Johnson asked to speak. ECF No. 26 at 7–8. The record reflects otherwise. Without ever addressing Johnson directly, the magistrate judge announced every aspect of the sentence, to include the prison terms on each count, that the terms will run concurrently, and the associated fees and costs. *See* ECF No. 15-3 at 16–17. The magistrate judge even articulated why he was rejecting the recommended sentence of probation, as it "[was not] going to help this individual," and would be "a waste of time." *Id.* at 16. The judge further advised Johnson of his right to appeal and ordered that he surrender to begin service of his sentence on a date certain. *Id.* at 17. Only when the magistrate judge, in evident

preparation to end the proceedings, asked "[a]nything else from anybody?" was the defendant permitted to speak, if ever so briefly. At this point, the Court said nothing to suggest the earlier pronouncement had been "tentative." *Id.* at 18. Thus, the magistrate judge, having arrived at the final sentence without first inviting Johnson to allocute, committed plain error.

As to whether that error affected Johnson's substantial rights, the Court recognizes that the denial of the right of allocution by itself does not satisfy this prong. *Cole*, 27 F.3d at 999. Rather, the defendant must demonstrate at least the "possibility" that allocution could have persuaded the judge to impose a lower sentence. *Id.* ("As long as this possibility remained, we are unable to say that [the defendant] was not prejudiced by the denial of his right to allocute prior to the imposition of sentence.").

On this record, the Court concludes that affording Johnson the right to allocute in advance of sentence could have made a difference. This was Johnson's first DUI conviction, yet he received the maximum sentence allowable under law—six months in prison. The sentence was far more punitive than the government's recommended 60 days' prison, or the PSR's suggestion of probation. *See* ECF No. 15-3 at 10, 16–17; Case No. 8:21-po-01101, ECF No. 24 at 15. Further, as to Johnson's individual "history, circumstances and characteristics," which the magistrate judge was obligated to consider, *see* 18 U.S.C. § 3553(a), Johnson had much to say. He was gainfully employed, supported his family, and had been participating in drug treatment for quite some time. *See* ECF No. 15-3 at 12–14, 18–19. Although the magistrate judge heard some of this during the colloquy between defense counsel and Johnson, Johnson had no real opportunity in advance of the sentence pronouncement to speak for himself, directly to the court, with "halting eloquence." *Green*, 365 U.S. at 304. Thus, because the record reflects that Johnson retained at least the "possibility" of receiving a lower sentence had he been permitted to

6

allocute before sentence had been imposed, the error affected his substantial rights. *Cole*, 27 F.3d at 999; *cf. Lewis*, 10 F.3d at 1092 (no prejudice or substantial rights affected in denial of right to allocute because defendant had initially received minimum sentence).

The Court lastly turns to whether the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732 (1993). In this context, the Fourth Circuit has made clear that where the possibility remains for a lesser sentence after allocution, the "fairness and integrity of the court proceedings would be brought into serious disrepute" were the sentence allowed to stand. *Cole*, 27 F.3d at 999. The Court has already concluded that Johnson possibly could have received less than the statutory maximum on both counts had he been properly afforded the right to allocute. Thus, the sentence must be vacated and remanded for resentencing so to maintain overall fairness and integrity of such proceedings.

### IV. Conclusion

Because Johnson has demonstrated that the denial of his right to allocute amounts to plain error, the Court VACATES Johnson's sentence and remands for resentencing in accordance with this opinion. A separate order follows.

August 24, 2023  /s/
Date                                                                                           Paula Xinis
                                                                                               United States District Judge